■ In the Matter of the Claim of IRVING LANG, Deceased, Respondent, v FRENBERG BAKE SHOP, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed November 21, 1974, which awarded death benefits to the claimant. It is undisputed that on June 3, 1972 the decedent fell and sustained a compensable accidental injury to his left side chest. The treating physician diagnosed the injury as a contusion to the chest and rib cage and he was permitted to return to work on June 27, 1972 with his condition noted as "improved". It is also undisputed that on July 4, 1972 the decedent went to another doctor and at that time he was found to be disabled from working. The claimant testified that from the time of the accident until July 6, 1972 when decedent suddenly died, he complained of chest pains and developed a cough. The decedent had an underlying heart disease and had been treated by Dr. Kravitz from 1968 for hypertension and an irregular heartbeat. Dr. Kravitz last saw the decedent about six months before his death. The sole question presented to the board was whether or not the opinion of Dr. Kravitz that death was related to the fall of June 3, 1972 was so speculative as not to be sufficient evidence supporting an award by the referee in favor of claimant. Upon this appeal the question is whether or not the same opinion meets the test of substantial evidence. No autopsy was performed and thus the precise internal appearance of the decedent's heart and lungs is unknown. The exact cause of death is a matter of opinion in this case. Dr. Kravitz recited that the most common cause of death for a man with irregular heart beats is pulmonary embolism and that a fall could have broken it loose causing death. His opinion was supported by the claimant's testimony that from the time of the fall until death the decedent had chest pains and developed a cough. While the appellants' expert was of the opinion that death was merely the progression of the underlying arteriosclerotic problem, the opinion of Dr. Kravitz is not pure speculation but is an expert opinion based upon objectively observed facts which are established · in this record. The medical evidence constitutes substantial evidence to support the decision of the board. Decision affirmed, with costs to the Workmen's Compensation Board. Sweeney, J. P., Main, Larkin, Herlihy and Reynolds, JJ., concur.